**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1387**

GLADYS MARGARETTE PUFONG,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  February 25, 2009      Decided:  March 25, 2009

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Peter T. Ndikum, IMMIGRATION ASSISTANCE CENTER, Silver Spring, Maryland, for Petitioner.  Gregory G. Katsas, Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Jamie M. Dowd, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gladys Margarette Pufong, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Pufong first challenges the determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Pufong fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.

Additionally, we uphold the denial of Pufong's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Pufong failed to

2

show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

Accordingly, we deny the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] To the extent that Pufong suggests that she is entitled to protection under the Convention Against Torture, we note that we lack jurisdiction over any such claim in light of the Board's finding, which Pufong does not challenge, that she failed to preserve the issue before the Board. See 8 U.S.C. § 1252(d)(1) (2006) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); Massis v. Mukasey, 549 F.3d 631, 638-39 (4th Cir. 2008) (holding that the court lacks jurisdiction to consider an argument that was not raised before the Board and providing no exception for manifest injustice).

3