**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2340**

BAHRAM MOHAMMAD SHAKERI,

            Petitioner,

       v.

ERIC H. HOLDER, JR., Attorney General,

            Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: May 19, 2009                   Decided: June 12, 2009

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

Bahram Mohammad Shakeri, Petitioner Pro Se.  Michael Christopher
Heyse, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bahram Shakeri, a native and citizen of Afghanistan, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's denial of his application for deferral of removal under the Convention Against Torture. For the reasons discussed below, we dismiss the petition for review for lack of jurisdiction.

Under 8 U.S.C. § 1252(a)(2)(C) (2006), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien convicted of certain enumerated crimes, including offenses covered in § 1182(a)(2) of the immigration statutes. Because Shakeri was found removable for having been convicted of a controlled substance offense as defined in 8 U.S.C. § 1182(a)(2)(A)(i)(II) (2006), under § 1252(a)(2)(C), we have jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Shakeri] [i]s an alien and whether []he has been convicted of [a controlled substance offense]." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

2

Because we find that Shakeri is indeed an alien who has been convicted of a controlled substance offense, § 1252(a)(2)(C) divests us of jurisdiction over the petition for review, except to the extent that Shakeri raises a constitutional issue or question of law. We find that Shakeri's challenges to the denial of his request for deferral under the Convention Against Torture are factual issues over which we clearly lack jurisdiction. See Saintha v. Mukasey, 516 F.3d 243, 249-50 (4th Cir. 2008) (finding that determinations regarding government acquiescence in assessing CAT claims are factual, not legal, in nature and "[§] 1252(a)(2)(C) of the REAL ID Act prohibits our review of such factual determinations of the BIA, and we are thus unable to review [the] petition on the merits").

Finally, Shakeri argues that the immigration judge erred in treating his unlawful wounding conviction as an aggravated felony. Although this claim is a question of law over which we would typically retain jurisdiction pursuant to § 1252(a)(2)(D), we find that we nonetheless lack jurisdiction because Shakeri failed to raise this issue before the Board. See 8 U.S.C. § 1252(d)(1) (2006); Massis v. Mukasey, 549 F.3d 631, 638-40 (4th Cir. 2008).

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED