**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1739**

SANAM THAPA,

　　　　　Petitioner,

　　　v.

ERIC H. HOLDER, JR., Attorney General,

　　　　　Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: July 22, 2009　　　　Decided: August 10, 2009

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Visuvanathan Rudrakumaran, LAW OFFICE OF VISUVANATHAN RUDRAKUMARAN, New York, New York, for Petitioner. Michael F. Hertz, Acting Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Anthony P. Nicastro, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sanam Thapa, a native and citizen of Nepal, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Before this court, Thapa first challenges the determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Thapa fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the denial of Thapa's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Thapa failed to show

2

that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

Finally, Thapa contends that he is entitled to protection under the Convention Against Torture. In his brief before this court, he argues that the government of Nepal is willfully blind to the torture committed by "low-level Maoists" and therefore has "acquiesced" in such torture. We are without jurisdiction to consider this claim because Thapa failed to challenge the denial of his request for protection under the Convention Against Torture on this precise ground before the Board. See 8 U.S.C. § 1252(d)(1) (2006); Massis v. Mukasey, 549 F.3d 631, 638-40 (4th Cir. 2008). We therefore dismiss the petition for review in part.

Accordingly, we deny in part and dismiss in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED IN PART
AND DISMISSED IN PART

3