<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-2342

MICHAEL TEFFERA GEBREMESKEL,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: August 7, 2009      Decided: September 18, 2009

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

James A. Roberts, LAW OFFICE OF JAMES A. ROBERTS, Fairfax,
Virginia, for Petitioner. Tony West, Assistant Attorney
General, Daniel E. Goldman, Senior Litigation Counsel, Jem C.
Sponzo, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Teffera Gebremeskel, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Before this court, Gebremeskel challenges the determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Gebremeskel fails to show that the evidence compels a contrary result. Accordingly, we find that substantial evidence supports the denial of asylum relief.

Additionally, we uphold the denial of Gebremeskel's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because

Gebremeskel failed to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

Accordingly, we deny the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

---

[*] Gebremeskel does not challenge the denial of his request for protection under the Convention Against Torture in his brief before the court. In any event, the court lacks jurisdiction over any such challenge in light of Gebremeskel's failure to raise a Convention Against Torture claim before the Board. <u>See</u> 8 U.S.C. § 1252(d)(1) (2006) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); <u>Massis v. Mukasey</u>, 549 F.3d 631, 638-40 (4th Cir. 2008) (holding that we lack jurisdiction to consider an argument not raised before the Board).

3