<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2337**

JENI SRIHARJATI,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  September 22, 2009        Decided:  October 2, 2009

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Oleh R. Tustaniwsky, Brooklyn, New York, for Petitioner.  Tony West, Assistant Attorney General, Jennifer L. Lightbody, Senior Litigation Counsel, David H. Wetmore, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeni Sriharjati, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's decision denying her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Sriharjati first challenges the determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Sriharjati fails to show that the evidence compels a contrary result. We therefore find that substantial evidence supports the denial of relief.[*]

---

[*] We note that we lack jurisdiction to consider Sriharjati's claim that the immigration judge violated her due process rights by relying on impermissible hearsay--namely, the criminal records pertaining to Megawaty Gandasaputra. Sriharjati failed to exhaust her administrative remedies by presenting this claim to the Board. See 8 U.S.C. § 1252(d) (2006) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right. . . ."); Massis v. Mukasey, 549 F.3d 631, 638-40 (4th Cir. 2008) (holding that the court lacks jurisdiction to consider an argument that was not raised before the Board and providing no exception for manifest injustice).

Additionally, we uphold the denial of Sriharjati's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Sriharjati failed to show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

Finally, we find that substantial evidence supports the finding that Sriharjati failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2009). We find that Sriharjati failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3