**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1241**

AWUNTI SUZANE MAFOR, a/k/a Susana Mafor Awunti,

         Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

         Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: October 21, 2009      Decided: November 13, 2009

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Danielle L. C. Beach-Oswald, Maureen J. Johnson, BEACH-OSWALD IMMIGRATION LAW ASSOCIATES, PC, Washington, D.C., for Petitioner. Tony West, Assistant Attorney General, Jennifer L. Lightbody, Senior Litigation Counsel, Achiezer Guggenheim, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Awunti Suzane Mafor, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's decision denying her requests for withholding of removal and protection under the Convention Against Torture. For the reasons set forth below, we deny in part and dismiss in part for petition for review.

Mafor contends that the Board and the immigration judge erred in denying her request for withholding of removal. "Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion." Gomis v. Holder, 571 F.3d 353, 359 (4th Cir.), petition for cert. filed, 78 U.S.L.W. 3091 (Aug. 11, 2009) (No. 09-194); see 8 U.S.C. § 1231(b)(3) (2009). Based on our review of the record, we find that substantial evidence supports the finding that Mafor failed to make the requisite showing before the immigration court. We therefore uphold the denial of her request for withholding of removal.

Additionally, we find that substantial evidence supports the finding that Mafor failed to meet the standard for

2

relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2009). We find that Mafor failed to make the requisite showing before the immigration court.

Finally, Mafor claims that (1) the Board failed to consider whether she would be persecuted in Cameroon based on her membership in a social group; and (2) the overseas investigation breached her confidentiality in violation of 8 C.F.R. § 208.6 (2009). We lack jurisdiction over these claims because Mafor failed to raise them before the Board. See 8 U.S.C. § 1252(d)(1) (2006) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); Massis v. Mukasey, 549 F.3d 631, 638-40 (4th Cir. 2008) (holding that the court lacks jurisdiction to consider an argument that was not raised before the Board and providing no exception for manifest injustice). We therefore dismiss the petition for review as to these claims.

Accordingly, we deny in part and dismiss in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before the court and argument would not aid the decisional process.

PETITION DENIED IN PART
AND DISMISSED IN PART
