**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2171**

DIANA MARIA BERMUDEZ-BOTERO, a/k/a Diana Bermudez,

                Petitioner,

         v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  March 31, 2010          Decided:  April 22, 2010

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Petition dismissed in part; denied in part by unpublished per curiam opinion.

Diana Maria Bermudez-Botero, Petitioner Pro Se.  Daniel Eric Goldman, Matthew Allan Spurlock, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Diana Maria Bermudez-Botero, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' ("Board") order, which vacated the immigration judge's decision, denied Bermudez-Botero's application for withholding of removal, and ordered her removed to Colombia.[1]

Bermudez-Botero was charged with removability pursuant to Immigration and Nationality Act ("INA") § 237(a)(1)(B), codified at 8 U.S.C. § 1227(a)(1)(B) (2006), because she overstayed her visa, and pursuant to INA § 237(a)(2)(B)(i), codified at 8 U.S.C. § 1227(a)(2)(B)(i) (2006), because she had two prior convictions for controlled substance offenses. In response, Bermudez-Botero applied for withholding of removal, claiming a fear of future harm due to her membership in the particular social group of "displaced women without family support."

After her merits hearing, the immigration judge granted Bermudez-Botero withholding of removal. The Department of Homeland Security appealed, and the Board vacated the

_____

[1] Although Bermudez-Botero also initially requested protection under the Convention Against Torture, because she does not advance any argument relevant to that claim in her informal brief, she has abandoned that issue on appeal. See 4th Cir. R. 34(b); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

2

immigration judge's order, finding "displaced women without family support" was not a cognizable "social group" within the meaning of the INA. Bermudez-Botero challenges this ruling in her petition for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2006), we lack "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in . . . [§] 1227(a)(2)(B)." In turn, § 1227(a)(2)(B)(i) provides, among other things, that an alien is removable if convicted of a violation of any federal or state law or regulation relating to a controlled substance as defined in 21 U.S.C. § 802 (2006). 8 U.S.C. § 1227(a)(2)(B)(i). Bermudez-Botero's two prior convictions for controlled substance offenses, which are undisputed, fall squarely within these parameters.

However, we retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D) (2006); Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007). Bermudez-Botero's argument that the Board committed legal error in finding "displaced women without family support" did not qualify as a "social group" within the meaning of the INA presents an issue of law, which we will review de

novo.[2]  See Saintha v. Mukasey, 516 F.3d 243, 251 (4th Cir.), cert. denied, 129 S. Ct. 595 (2008); accord Malonga v. Mukasey, 546 F.3d 546, 553 (8th Cir. 2008).

"Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion."[3]  Gomis v. Holder, 571 F.3d 353, 359 (4th Cir. 2009), cert. denied, 130 S. Ct. 1048 (2010) (internal quotation marks omitted).  "This is a more stringent standard than that for asylum. . . . [W]hile asylum is discretionary, if an alien establishes eligibility for withholding of removal, the grant is mandatory."  Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353-54 (4th Cir. 2006).

---

[2] Conversely, to the extent that Bermudez-Botero asks us to review the Board's alternative, factual holding that she failed to establish inclusion in the advanced social group, we lack jurisdiction to review that determination.  See Kporlor v. Holder, __ F.3d __, 2010 WL 746442, at *4 (4th Cir. Mar. 5, 2010) ("Section 1252(a)(2)(D) does not permit review of discretionary judgments that rest on factual circumstances.").

[3] Amendments made by the REAL ID Act of 2005 apply in this case, because Bermudez-Botero's application was filed after the May 11, 2005 effective date of that legislation.  In relevant part, the REAL ID Act amended the INA to provide that the applicant must establish that the asserted protected ground "was or will be at least one central reason for persecuting the applicant."  8 U.S.C. § 1158(b)(1)(B)(i) (2006).

Through a series of published, precedential decisions, the Board has identified several factors that must be present in order for a proposed social group to qualify under the INA. See In re A-M-E & J-G-U-, 24 I. & N. Dec. 69 (B.I.A. 2007); In re C-A, 23 I. & N. Dec. 951 (B.I.A. 2006). As succinctly summarized by the First Circuit, these cases reflect that, in addition to the immutability component first identified in In re Acosta, 19 I. & N. Dec. 211, 233 (B.I.A. 1985), overruled on other grounds by In re Mogharrabi, 19 I. & N. Dec. 439 (B.I.A. 1987), the proposed group (1) must "have social visibility, meaning members possess characteristics . . . visible and recognizable by others in the [native] country, (2) be defined with sufficient particularity to avoid indeterminacy, and (3) not be defined exclusively by the fact that its members have been targeted for persecution." Scatambuli v. Holder, 558 F.3d 53, 59 (1st Cir. 2009) (alterations in original) (internal quotation marks & citations omitted).

Because neither the INA nor the relevant regulations specifically define "particular social group," this court will defer to the Board's "reasonable interpretation" of the term. Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843-44 (1984); Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008) (noting that this court will "afford[] appropriate deference to the [Board]'s interpretation of the INA

5

and any attendant regulations"). The Board applied the analytical framework set forth in its precedential decisions in In re A-M-E & J-G-U- and In re C-A to determine that Bermudez-Botero did not belong to a "particular social group" such that she would be eligible for withholding of removal. We find this analysis is reasonable, and thus deny the petition for review of this issue.

Bermudez-Botero next argues the past persecution her uncle and distant cousin sustained entitle her to a rebuttable presumption of a well-founded fear of future persecution. We lack jurisdiction to consider this claim, because it was not raised on appeal to the Board and thus is not exhausted. 8 U.S.C. § 1252(d)(1) (2006); Massis v. Mukasey, 549 F.3d 631, 638, 640 (4th Cir. 2008), cert. denied, 130 S. Ct. 736 (2009). Accordingly, we dismiss this claim for lack of jurisdiction.

For the foregoing reasons, we deny the petition for review in part and dismiss it in part for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART;
DENIED IN PART