**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1844**

JOSE MARIO GUEVARA-ROMERO,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  March 24, 2010            Decided:  May 13, 2010

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Jay S. Marks, MARKS, CALDERON, DERWIN & RACINE, P.L.C., Arlington, Virginia, for Petitioner.  Tony West, Assistant Attorney General, Shelley R. Goad, Assistant Director, Kristin A. Moresi, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Mario Guevara-Romero, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing his appeal from the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"),[*] and denying his motion to remand.

Guevara-Romero raises several challenges to the IJ's findings pertaining to Guevara-Romero's failure to establish the required nexus between his claimed fear of persecution and a statutorily protected ground and his failure to submit corroborating evidence. See 8 U.S.C. § 1158(b)(1)(B)(i)-(ii) (2006). However, Guevara-Romero did not raise any of these issues in his pro se appeal to the Board.

We may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1) (2006). This court has interpreted this provision to operate as a jurisdictional bar in that "an alien's failure to dispute an issue on appeal to

---

[*] Because Guevara-Romero does not advance any argument relevant to the denial of CAT protection, we find he has abandoned that issue on appeal. Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999)

2

the [Board] constitutes a failure to exhaust administrative remedies that bars judicial review." Massis v. Mukasey, 549 F.3d 631, 638 (4th Cir. 2008), cert. denied, 130 S. Ct. 736 (2009). Because these claims have not been administratively exhausted, we lack jurisdiction to consider them. See Massis, 549 F.3d at 638; Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004). Accordingly, we dismiss for lack of jurisdiction the petition for review as to those claims that challenge the IJ's findings regarding nexus and corroborating evidence.

Guevara-Romero raises one final issue over which we do have jurisdiction: that the Board abused its discretion in denying his motion to remand for consideration of evidence not previously submitted at his merits hearing. We disagree. The Board did not abuse its discretion in denying the motion, because the proffered evidence was not previously unavailable and undiscoverable, as required by 8 C.F.R. § 1003.2(c)(1) (2009). See Obioha v. Gonzales, 431 F.3d 400, 408 (4th Cir. 2005) (stating standard of review). Accordingly, we deny the petition for review as to this claim.

For these reasons, we dismiss the petition for review in part for lack of jurisdiction and deny it in part. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DISMISSED IN PART</u>
<u>AND DENIED IN PART</u>