**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2255**

ABIY BERECHA MAMMO,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  April 29, 2010              Decided:  May 14, 2010

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

Jason A. Dzubow, MENSAH & DZUBOW, PLLC, Washington, D.C., for
Petitioner.   Tony West, Assistant Attorney General, Susan
Houser, Senior Litigation Counsel, Steven F. Day, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abiy Berecha Mammo, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming without opinion the immigration judge's order denying Mammo's applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT").  We deny the petition for review.

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee.  8 U.S.C. § 1158(a), (b) (2006).  It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A) (2006).  "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ."  Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2009), and can establish refugee status based on past persecution in his native country on account of a protected ground.  8 C.F.R. § 1208.13(b)(1)

2

(2009). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Id.

"Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion." Gomis v. Holder, 571 F.3d 353, 359 (4th Cir. 2009) (internal quotation marks omitted), cert. denied, 130 S. Ct. 1048 (2010). "This is a more stringent standard than that for asylum . . . . [and], while asylum is discretionary, if an alien establishes eligibility for withholding of removal, the grant is mandatory." Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353-54 (4th Cir. 2006) (internal citations omitted) (alteration added).

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer a "specific, cogent reason" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989) (internal quotation marks omitted). "Examples of specific and cogent reasons include inconsistent statements, contradictory

3

evidence, and inherently improbable testimony[.]" <u>Tewabe v. Gonzales</u>, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks and citation omitted). Likewise, "the immigration judge cannot reject documentary evidence without specific, cogent reasons why the documents are not credible." <u>Kourouma v. Holder</u>, 588 F.3d 234, 241 (4th Cir. 2009).

The REAL ID Act of 2005 also amended the law regarding credibility determinations for applications for asylum and withholding of removal filed after May 11, 2005, as is the case here. Such determinations are to be made based on the totality of the circumstances and all relevant factors, including:

> the *demeanor, candor, or responsiveness* of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim[.]

8 U.S.C. § 1158(b)(1)(B)(iii) (2006) (emphasis added).

This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and

4

cogent reasoning, however, it is not supported by substantial evidence. Tewabe, 446 F.3d at 538.

Furthermore, this court may not reverse a finding regarding the availability of corroborative evidence unless a reasonable factfinder is compelled to conclude that the corroborative evidence is unavailable. 8 U.S.C. § 1252(b)(4) (2006).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We find substantial evidence supports the adverse credibility finding, which was based on several discrepancies noted by the immigration judge and Mammo's testimonial demeanor. We further note the record does not compel a different result with respect to the immigration judge's findings regarding the need for additional corroborating evidence. We also note Mammo

5

fails to challenge the immigration judge's alternate finding that, assuming he was credible, he failed to show past persecution or a well-founded fear of persecution based on a protected ground.[*]

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] By failing to raise a challenge in his brief to that portion of the immigration judge's order denying relief under the CAT, review is abandoned. See Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001); Edwards v. City of Goldsboro, 178 F.3d 231, 241 (4th Cir. 1999).