**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1934**

ZHONG QING OU,

              Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 27, 2012          Decided: May 9, 2012

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Wendy Tso, LAW OFFICE OF WENDY TSO, P.C., New York, New York, for Petitioner. Tony West, Assistant Attorney General, Ada E. Bosque, Senior Litigation Counsel, Jonathan Robbins, Trial Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, DC, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zhong Qing Ou, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") sustaining the Government's appeal, vacating the Immigration Judge's ("IJ") order granting asylum, and ordering Ou be removed to China. Ou contends substantial evidence supported the IJ's finding that he established a well-founded fear of persecution based on China's coercive family planning policy. He also contends the Board used the wrong legal standard in arriving at its conclusion. We deny the petition for review.

Ou's testimony, which was found credible, established that he and his wife had one male child, that his wife underwent a forced abortion after becoming pregnant with their second child, that he expressed his anger to government officials and demanded he and his wife receive permission to have a second child, and that officials physically assaulted him after he would not leave the government office. Ou left the country because he feared government officials were coming after him. With only one child, Ou and his wife were not in violation of China's family planning policy. However, Ou testified that he and his wife would like to have more children.

The IJ found that Ou's asylum application was timely, that he did not suffer past persecution, but that he did have a

2

well-founded fear of persecution because his wife underwent a forced abortion, authorities knew he had protested the family planning policy and it was his intention to have more children.[*] The Board vacated the order granting asylum finding that the IJ's factual findings were clearly erroneous because the findings were based on speculation.

The Immigration and Nationality Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). The INA defines a refugee as a person unwilling or unable to return to his or her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds. . . ." Qiao Hua Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2011), and can establish

---

[*] Because Ou was granted asylum, the IJ did not resolve his applications for withholding from removal or withholding under the Convention Against Torture.

refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2011). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

Because Ou did not establish past persecution, the burden was on him to show that he had a well-founded fear of persecution based on a protected ground. Id. at 187. The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Qiao Hua Li, 405 F.3d at 176 (internal quotation marks and citations omitted). Ou does not have to prove that he is more likely than not to face persecution. He only needs to show a reasonable possibility – "as low as a ten percent chance – of persecution." Crespin-Valladares v. Holder, 632 F.3d 117, 126 (4th Cir. 2011).

4

We will affirm the Board's determination regarding eligibility for asylum if it is supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This Court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

The Board reviews the IJ's factual findings for clear error and the legal conclusions de novo. See 8 C.F.R. § 1003.1(d)(3)(i), (ii), (iv) (2011). Factual findings include what happened to the individual, Massis v. Mukasey, 549 F.3d 631, 636 n.6 (4th Cir. 2008), determinations regarding an oppressor's motivation, intentions and opinions, Crespin-Valladares, 632 F.3d at 127-28, and expressions of the likelihood of future events based on the evidence. Id., 632

F.3d at 128-29 (citing <u>Kaplun v. Attorney Gen.</u>, 602 F.3d 260, 270 (3d Cir. 2010)).

In <u>Turkson v. Holder</u>, 667 F.3d 523, 527-28 (4th Cir. 2012), this Court held that an IJ's finding of what will happen to the alien in the future, such as the chance that the alien will be persecuted, is a factual finding subject to clear error review.

We conclude that substantial evidence supports the Board's determination that the IJ's finding regarding Ou's prospects for having more children, and the possibility that he would be persecuted if he is removed to China are speculative. As this Court noted in <u>Yi Ni v. Holder</u>, 613 F.3d 415, 428-29 (4th Cir. 2010), the Petitioner's plan to have more children was speculative because it relied upon factors beyond the Petitioner's control. We also conclude that the Board used the correct legal standard reviewing the IJ's findings. The Board acknowledged that its review of the IJ's findings was for clear error and held that the IJ clearly erred by relying upon speculation in reaching his decision.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>PETITION DENIED</u>