**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-2067

JONATHAN ALEXANDER ZAVALETA-RAMIREZ,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  July 30, 2014        Decided:  August 6, 2014

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Robert Redmond, Jr., MCGUIREWOODS, LLP, Richmond, Virginia, for Petitioner.  Stuart F. Delery, Assistant Attorney General, Melissa Neiman-Kelting, Senior Litigation Counsel, Allison Frayer, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Alexander Zavaleta-Ramirez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). For the reasons that follow, we dismiss the petition for review in part and deny it in part.

Zavaleta first challenges the Board's agreement with the immigration judge's rejection of his claim that he was eligible for asylum and withholding of removal because he suffered past persecution, and feared future persecution, on account of his membership in a particular social group. On appeal to the Board, Zavaleta asserted that he established past persecution based on his particular social group, namely, his kinship ties to a person murdered by a gang. But, as the Board explained, this was not the same theory of relief that Zavaleta pursued before the immigration judge, to wit: that Zavaleta had been persecuted and feared future persecution on account of his opposition to gangs and resistance to gang recruitment.[*] The

---

[*] Of course, our decisions in Zelaya v. Holder, 668 F.3d 159, 165-67 (4th Cir. 2012), and Lizama v. Holder, 629 F.3d 440, 447 (4th Cir. 2011), squarely foreclose the position that (Continued)

Board thus declined to consider Zavaleta's refined social group as it was propounded on appeal.

Before this court, Zavaleta again reframes his proposed social group, narrowing the group to members of his family, which is morally opposed to criminal gangs. Under 8 U.S.C. § 1252(d)(1) (2012), this court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right[.]" Thus we are jurisdictionally barred from reviewing any particular claim that is not properly exhausted. See Massis v. Mukasey, 549 F.3d 631, 638–39 (4th Cir. 2008) (noting that alien "may not raise an issue on appeal that he did not previously raise before the IJ and [Board]"). Because Zavaleta did not exhaust all available administrative remedies for this theory of relief, we conclude that we lack jurisdiction to review the nexus finding in terms of this newly framed group. See Kporlor v. Holder, 597 F.3d 222, 226 (4th Cir. 2010) ("It is well established that an alien must raise each argument to the [Board] before we have jurisdiction to consider it." (internal quotation marks omitted)). Accordingly, we dismiss the petition for review as relevant to the denial of asylum and withholding of removal.

---

individuals who oppose gangs comprise a viable social group for purposes of asylum and withholding of removal.

3

Zavaleta next argues that, taken together, his credible testimony and background evidence on conditions in El Salvador constitute substantial evidence of his claimed fear of future torture. We review for substantial evidence the denial of relief under the CAT. Dankam v. Gonzales, 495 F.3d 113, 124 (4th Cir. 2007).

We have thoroughly reviewed the record in this case, including the hearing testimony and background evidence, and conclude that it simply does not compel the conclusion that the gangs operate with the acquiescence of the Salvadoran government or that the government turns a blind eye to their criminal activities. See 8 C.F.R. §§ 1208.16(c)(1), (2), 1208.18(a)(1), (7) (2014). We thus hold that substantial evidence supports the finding that Zavaleta was not eligible for relief under the CAT.

For these reasons, we dismiss the petition for review in part and deny it in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART

4