**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1581**

ROSE PAULA EGBE, a/k/a Rose Paula Likap,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  January 28, 2015      Decided:  January 30, 2015

Before SHEDD and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Danielle Beach-Oswald, BEACH-OSWALD IMMIGRATION LAW ASSOCIATES, PC, Washington, D.C., for Petitioner.  Joyce R. Branda, Acting Assistant Attorney General, Michael C. Heyse, Acting Senior Litigation Counsel, Laura M.L. Maroldy, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rose Paula Egbe, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's denial of her requests for asylum and withholding of removal.[*] We have thoroughly reviewed the record, including the transcript of Egbe's merits hearing and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, see 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Accordingly, we deny the petition for review for the reasons stated by the Board. See In re: Egbe (B.I.A. May 16, 2014). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

---

[*] Egbe does not challenge the agency's denial of her request for protection under the Convention Against Torture. Additionally, we lack jurisdiction over Egbe's challenges to the immigration judge's adverse credibility determination on the ground that she failed to exhaust her administrative remedies before the Board. See 8 U.S.C. § 1252(d)(1) (2012); Massis v. Mukasey, 549 F.3d 631, 638-40 (4th Cir. 2008).