**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1337**

LILIAN HAYDEE DIAZ-VELASQUEZ,

      Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

      Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: November 3, 2015      Decided: November 5, 2015

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition dismissed in part, denied in part by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Jamie M. Dowd, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lilian Haydee Diaz-Velasquez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

The Board found that Diaz-Velasquez failed to appeal the immigration judge's denial of her applications for withholding of removal and for protection under the Convention Against Torture and therefore deemed these issues waived. Although Diaz-Velasquez challenges the denial of both forms of relief before this court, we lack jurisdiction to consider her claims on the ground that she failed to exhaust her administrative remedies. See 8 U.S.C. § 1252(d)(1) (2012); Massis v. Mukasey, 549 F.3d 631, 638-40 (4th Cir. 2008). We likewise lack jurisdiction to consider Diaz-Velasquez's claim that she established eligibility for asylum based on her membership in the particular social group consisting of her family as this is not the proposed social group that she presented to the immigration judge. See § 1252(d)(1). We therefore dismiss the petition for review in part.

Turning to Diaz-Velasquez's claim that she established eligibility for asylum based on her membership in the defined

2

particular social group of witnesses to a crime, we have thoroughly reviewed the record, including the transcript of the merits hearing and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, see 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the agency's decision. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We therefore deny the petition for review in part for the reasons stated by the Board. In re: Diaz-Velasquez (B.I.A. Mar. 4, 2015).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED IN PART;
DENIED IN PART

3