**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 16-1958**

───────────

ANGEL JUAN PABLO REYES STUMVOLL,

                Petitioner,

      v.

JEFFERSON B. SESSIONS III, Attorney General,

                Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────

Submitted:  March 30, 2017                Decided:  April 5, 2017

───────────

Before WILKINSON, MOTZ, and FLOYD, Circuit Judges.

───────────

Petition denied by unpublished per curiam opinion.

───────────

H. Glenn Fogle, Jr., THE FOGLE LAW FIRM, LLC, Atlanta, Georgia, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Paul Fiorino, Senior Litigation Counsel, Rebekah Nahas, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angel Juan Pablo Reyes Stumvoll, a native and citizen of Bolivia, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.[*] We have thoroughly reviewed the record, including the transcript of Reyes Stumvoll's merits hearing and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 (1992).

Accordingly, we deny the petition for review for the reasons stated by the Board. *In re Reyes Stumvoll* (B.I.A. July 29, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

---

[*] Reyes Stumvoll does not raise any challenges to the agency's denial of his request for protection under the Convention Against Torture. We would lack jurisdiction over any such claims on the ground that he failed to exhaust his administrative remedies before the Board. *See* 8 U.S.C. § 1252(d)(1) (2012); *Massis v. Mukasey,* 549 F.3d 631, 638–40 (4th Cir. 2008).