**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1560**

HILINA LEGESSE WOLDEMARIAM,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 25, 2018                             Decided: February 13, 2018

Before WILKINSON and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Alan M. Parra, LAW OFFICE OF ALAN M. PARRA, Silver Spring, Maryland, for Petitioner. Chad A. Readler, Acting Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Sabatino F. Leo, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hilina Legesse Woldemariam, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's decision denying her application for asylum, denying her application for withholding of removal to South Africa, granting her application for withholding of removal to Ethiopia, and denying her application for protection under the Convention Against Torture. For the reasons set forth below, we deny the petition for review.

On appeal, our review is limited to the agency's denial of Woldemariam's request for asylum relief.[*] Woldemariam argues that the agency erred in concluding that she is statutorily ineligible for asylum from South Africa where she concedes that she firmly resettled after leaving Ethiopia. According to Woldemariam, "one may be granted asylum even if they are firmly resettled if they have a reasonable fear of persecution in the third country on account of a protected ground."

Pursuant to 8 C.F.R. § 1208.13(a) (2017), Woldemariam bears the burden of establishing that she meets the definition of a "refugee." The term "refugee" is defined as including:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, *that*

---

[*] To the extent that Woldemariam seeks review of the immigration judge's denial of her applications for withholding of removal and protection under the Convention Against Torture, we lack jurisdiction to consider her claims on the ground that she failed to exhaust her administrative remedies before the Board. *See* 8 U.S.C. § 1252(d)(1) (2012); *Massis v. Mukasey,* 549 F.3d 631, 638-40 (4th Cir. 2008).

2

*country* because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A) (2012) (emphasis added). As noted by the Fifth Circuit, "[t]he statute thus permits an alien to seek asylum from only one 'test country': that of the alien's nationality, or, if the alien is stateless, that of the country where the alien last habitually resided." *Tesfamichael v. Gonzales,* 469 F.3d 109, 114 (5th Cir. 2006); *see Wangchuck v. DHS,* 448 F.3d 524, 529 (2d Cir. 2006) (citing 8 U.S.C. § 1101(a)(42) in concluding that agency erred by failing to determine alien's nationality and by assuming that alien could be eligible for asylum in two countries).

In addition to conceding that she was firmly resettled in South Africa, Woldemariam has admitted that she legally remains a national of Ethiopia. Accordingly, under the clear language of the statute as well as the relevant regulations, *see* 8 C.F.R. § 1208.13(b)(1), (2)(i)(A) (2017), Woldemariam may only seek asylum from Ethiopia—her country of nationality. And as properly found by the immigration judge, Woldemariam's firm resettlement in South Africa statutorily bars her from seeking asylum here in the United States. 8 U.S.C. § 1158(b)(2)(A)(vi) (2012) (providing that an alien may not be granted asylum if the Attorney General determines that "the alien was firmly resettled in another country prior to arriving in the United States").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3