**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2371**

JUAN CARLOS SANMARTIN PRADO,

      Petitioner,

    v.

MATTHEW G. WHITAKER, Acting Attorney General,

      Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: October 31, 2018              Decided: January 15, 2019

Before GREGORY, Chief Judge, KEENAN and HARRIS, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Abraham F. Carpio, CARPIO LAW FIRM, LLC, Hyattsville, Maryland, for Petitioner. Chad A. Readler, Acting Assistant Attorney General, Justin Markel, Senior Litigation Counsel, Gregory A. Pennington, Jr., Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Carlos Sanmartin Prado, a native and citizen of Ecuador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's order finding him removable under 8 U.S.C. § 1227(a)(2)(E)(i) (2012) as an alien convicted of "a crime of child abuse, child neglect, or child abandonment." For the reasons set forth below, we deny the petition for review.

We review legal issues de novo, affording deference under *Chevron U.S.A., Inc., v. Natural Res. Def. Council, Inc.,* 467 U.S. 837 (1984), to those determinations when the Board interprets or applies the Immigration and Nationality Act. *Shaw v. Sessions,* 898 F.3d 448, 452 (4th Cir. 2018). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2012). We defer to the agency's factual findings under the substantial evidence rule. *Anim v. Mukasey*, 535 F.3d 243, 252 (4th Cir. 2008).

After conducting de novo review of the legal issues raised in Sanmartin Prado's brief,[*] we uphold the agency's finding that his conviction for second degree child abuse pursuant to Md. Code Ann., Crim. Law § 3-601(a)(2), (d) (LexisNexis Supp. 2018) is categorically a "crime of child abuse, child neglect, or child abandonment" under 8 U.S.C.

---

[*] We lack jurisdiction to consider Sanmartin Prado's claim that there is a realistic probability that the State of Maryland will prosecute conduct under its child abuse statute that falls outside of 8 U.S.C. § 1227(a)(2)(E)(i) and his claims of ineffective assistance of counsel on the ground that he failed to exhaust his administrative remedies before the Board. *See* 8 U.S.C. § 1252(d)(1) (2012); *Massis v. Mukasey*, 549 F.3d 631, 638-40 (4th Cir. 2008).

2

§ 1227(a)(2)(E)(i). We therefore deny the petition for review for the reasons stated by the Board. *In re Sanmartin Prado* (B.I.A. Nov. 1, 2017). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART,*
*DISMISSED IN PART*