**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-1766**

_____

OUMIE M. BITTAYE,

                Petitioner,

      v.

WILLIAM P. BARR, Attorney General,

                Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: November 19, 2019              Decided: January 6, 2020

_____

Before FLOYD, RICHARDSON, and RUSHING, Circuit Judges.

_____

Petition denied in part and dismissed in part by unpublished per curiam opinion.

_____

Oumie M. Bittaye, Petitioner Pro Se. David Nicholas Harling, Ilana Joslyn Snyder, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oumie M. Bittaye, a native and citizen of The Gambia, petitions for review of an order of the Board of Immigration Appeals (Board) denying her motion to reopen.[*] We have reviewed the administrative record and the Board's order and conclude that the Board did not abuse its discretion in denying the motion as untimely and number-barred. *See* 8 C.F.R. § 1003.2(c)(2) (2019). We therefore deny the petition for review for the reasons stated by the Board. *In re Bittaye* (B.I.A. Oct. 30, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART AND*
*DISMISSED IN PART*

---

[*] Bittaye has abandoned any challenge to the Board's denial of her motion to reconsider by failing to raise the issue in her informal brief. *See Jackson v. Lightsey,* 775 F.3d 170, 177 (4th Cir. 2014) (limiting appellate review to issues raised in informal brief). Additionally, although Bittaye argues that her attorney rendered ineffective assistance in pursuing an adjustment of status application on her behalf, we lack jurisdiction to consider this claim on the ground that she failed to exhaust her administrative remedies. *See* 8 U.S.C. § 1252(d)(1) (2012); *Massis v. Mukasey,* 549 F.3d 631, 638-40 (4th Cir. 2008).