**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-2176**

---

VALERY DESTIN TCHOUMBO DZEITCHIE, a/k/a Valery Destin
Tchoumou Dzeitchie,

      Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

      Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals.

---

Submitted: November 4, 2010      Decided: November 22, 2010

---

Before KING, KEENAN, and WYNN, Circuit Judges.

---

Petition denied in part; dismissed in part by unpublished per
curiam opinion.

---

Jason A. Dzubow, Samson Habte, MENSAH & DZUBOW, PLLC,
Washington, D.C., for Petitioner. Tony West, Assistant Attorney
General, Mary Jane Candaux, Assistant Director, Nicole J.
Thomas-Dorris, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Valery Destin Tchoumbo Dzeitchie, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing his appeal from the immigration judge's ("IJ") order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[*] For the reasons that follow, we dismiss the petition for review in part for lack of jurisdiction and deny it in part.

Dzeitchie first challenges the admission of the results of an overseas investigation into the validity of two summonses allegedly issued by the Cameroonian police. Dzeitchie asserts the investigation violated his right to asylum confidentiality, pursuant to 8 C.F.R. § 208.6 (2010), and that the admission of this evidence violated due process. See Anim v. Mukasey, 535 F.3d 243, 256-59 (4th Cir. 2008).

Neither of these issues was presented to the Board on appeal. Thus, because these arguments are not administratively exhausted and there is no "equitable exception" to the jurisdictional exhaustion requirement, this court lacks

---

[*] Because Dzeitchie did not challenge the denial of relief under the CAT in his brief, he has abandoned that issue on appeal. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

jurisdiction to consider them. 8 U.S.C. § 1252(d)(1) (2006); Massis v. Mukasey, 549 F.3d 631, 638, 640 (4th Cir. 2008), cert. denied, 130 S. Ct. 736 (2009); see also Kporlor v. Holder, 597 F.3d 222, 228 (4th Cir. 2010) ("The [Board] is entitled to an opportunity to correct any errors that may occur in immigration proceedings, and we lack jurisdiction unless it is given the chance to do so."), petition for cert. filed, __ U.S.L.W. __ (U.S. May 20, 2010) (No. 09-11574).

Dzeitchie next challenges the IJ's adverse credibility finding, as affirmed by the Board. We will uphold an adverse credibility determination if it is supported by substantial evidence, see Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006), and reverse the Board's decision "only if the evidence presented . . . was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks omitted). Having reviewed the administrative record, the immigration judge's oral decision, and the Board's order, we find that substantial evidence supports the immigration judge's adverse credibility finding, as affirmed by the Board, and the ruling that Dzeitchie failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 U.S.C. § 1158(b)(1)(B)(i), (ii) (2006) (establishing that alien bears

burden of proof to demonstrate eligibility for asylum); 8 C.F.R. § 1208.13(a) (2010) (same). Because the record does not compel a different result, we will not disturb the Board's denial of Dzeitchie's application for asylum. Moreover, as Dzeitchie cannot sustain his burden on the asylum claim, he cannot establish his entitlement to withholding of removal. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal . . . .").

Accordingly, we dismiss the petition for review in part for lack of jurisdiction and deny it in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED IN PART;
DISMISSED IN PART