**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1671**

_____

MICHAEL TSEGAYE ABATE,

        Petitioner,

   v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  January 9, 2012      Decided:  January 18, 2012

_____

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Alan M. Parra, LAW OFFICES OF ALAN M. PARRA, Silver Spring, Maryland, for Petitioner.  Tony West, Assistant Attorney General, Anthony C. Payne, Senior Litigation Counsel, Lance L. Jolley, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Tsegaye Abate, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The Immigration and Nationality Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). The INA defines a refugee as a person unwilling or unable to return to his or her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds[.]" Qiao Hua Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2011), and can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1)

2

(2011).  "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution."  Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

Without regard to past persecution, an alien can establish a well-founded fear of persecution based on a protected ground.  Id. at 187.  The well-founded fear standard contains both a subjective and an objective component.  The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution.  Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006).  "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension."  Qiao Hua Li, 405 F.3d at 176 (internal quotation marks, brackets and citations omitted).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole.  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary.  8

3

U.S.C. § 1252(b)(4)(B) (2006).  This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We have reviewed the record and conclude that substantial evidence supports the Board's finding that Abate did not show past persecution or a well-founded fear of persecution and the record does not compel a different result.[1]

Accordingly, we deny the petition for review.[2]  We dispense with oral argument because the facts and legal

---

[1] Abate's claim that he showed that there was a pattern or practice of persecuting members of his political party is not properly before this court because Abate did not exhaust this issue by presenting it to the Board on appeal.  Pursuant to 8 U.S.C. § 1252(d)(1) (2006), the court may review a final order of removal only if the alien has exhausted all administrative remedies.  An alien's failure to dispute an issue on appeal to the Board constitutes a failure to exhaust administrative remedies and bars judicial review of that issue.  See Massis v. Mukasey, 549 F.3d 631, 638 (4th Cir. 2008); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004).

[2] Abate does not challenge the denial of relief under the CAT.  Accordingly, review is waived.  See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (finding that the failure to raise a challenge in an opening brief results in abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED