**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1651

MARINA GRADINARU; VITALIE OSOIANU,

Petitioners,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 18, 2018                    Decided: February 14, 2018

Before MOTZ, TRAXLER, and KEENAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Joseph J. Rose, New York, New York, for Petitioners. Chad A. Readler, Acting Assistant Attorney General, Song Park, Senior Litigation Counsel, Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marina Gradinaru and her husband, derivative beneficiary Vitalie Osoianu, natives of the former Soviet Union and citizens of Moldova, petition for review of an order of the Board of Immigration Appeals (Board) dismissing their appeal from the immigration judge's denial of Gradinaru's applications for asylum and withholding of removal.[1]  We have thoroughly reviewed the record, including the transcripts of Gradinaru's merits hearing and all supporting evidence.  We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B) (2012)—including the immigration judge's adverse credibility finding[2]—and that substantial evidence supports the denial of relief in this case, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

Accordingly, we deny the petition for review for the reasons stated by the Board. *See In re Gradinaru* (B.I.A. May 8, 2017).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[1] We lack jurisdiction to address Petitioners' challenges to the immigration judge's denial of Gradinaru's request for protection under the Convention Against Torture because Petitioners failed to exhaust their administrative remedies before the Board.  *See* 8 U.S.C. § 1252(d)(1) (2012); *Massis v. Mukasey,* 549 F.3d 631, 638-40 (4th Cir. 2008).

[2] We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's credibility findings.  *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004).