**ON REHEARING**

**<u>UNPUBLISHED</u>**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 17-7304**

─────────

MARIELA HERNANDEZ REYES,

       Plaintiff – Appellant,

  v.

LEE FRANCIS CISSNA, Director, US Citizenship and Immigration Services,

       Defendant – Appellee.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:16-cv-00749-FDW-DCK)

─────────

Argued: March 21, 2018                          Decided: June 8, 2018

─────────

Before DUNCAN and AGEE, Circuit Judges, and Leonie M. BRINKEMA, United States District Judge for the Eastern District of Virginia, sitting by designation.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ARGUED**: Bradley Bruce Banias, BARNWELL WHALEY PATTERSON & HELMS, Charleston, South Carolina, for Appellant. Brian Christopher Ward, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF**: Chad A. Readler, Acting Assistant Attorney General, William C. Peachey, Director, Gisela A. Westwater, Assistant Director, Civil Division, Office of Immigration Litigation,

UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mariela Hernandez Reyes brought this action against Lee Cissna, the Director of U.S. Citizenship and Immigration Services ("USCIS" or the "Agency"), after the Agency denied her application for Special Immigrant Juvenile ("SIJ") status. *See generally* 8 U.S.C. § 1101(a)(27)(J). Reyes contends that the criteria on which the Agency relied to deny her SIJ application was in excess of its statutory mandate. She also alleges that the Agency's decision was arbitrary and capricious, an abuse of discretion, and otherwise contrary to law, under the Administrative Procedure Act, 5 U.S.C. § 706. The district court concluded that the Agency was entitled to summary judgment and Reyes appeals. For the reasons set out below, we affirm.

I.

A.

Section 101(a)(27) of the Immigration and Nationality Act lists a number of "special immigrant" categories, including SIJ status. *See* 8 U.S.C. § 1101(a)(27). An SIJ is "an immigrant who is present in the United States":

> (i) who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law; [and]
>
> . . . .
>
> (iii) in whose case the Secretary of Homeland Security consents to the grant of special immigrant juvenile status[.]

3

*Id.* § 1101(a)(27)(J). The applicant bears the burden of proving she is entitled to SIJ status. *Id.* § 1361 ("Whenever any person makes application for a visa or any other document required for entry, or makes application for admission, or otherwise attempts to enter the United States, the burden of proof shall be upon such person to establish that he is eligible to receive such visa or such document[.]").

Obtaining SIJ status is a significant benefit because such an alien, like others in the statutory special immigrant classification, is potentially eligible for lawful permanent resident status irrespective of her immigration status. *See generally id.* §§ 1153(b)(4), 1154(a)(1)(G). If an SIJ is given lawful permanent resident status, she may eventually apply for United States citizenship.

## B.

Reyes was born in El Salvador in 1996. She lived with her mother, Maria Isabel Reyes Reyes ("Maria"), until Maria abandoned her in 2008. From that point on, Reyes lived with her grandparents in El Salvador.

In 2013, when she was sixteen years old, Reyes unlawfully entered the United States by crossing the United States-Mexico border near Hidalgo, Texas. Shortly after she entered the United States, U.S. Customs and Border Protection apprehended her. She was then transferred to Charlotte, North Carolina, for the commencement of removal proceedings.

While in Charlotte, Reyes reunited with her father, Maximiliano Hernandez Ponce ("Ponce"), who was a legal temporary resident and lived in North Carolina. On October 3, 2014, four days before Reyes' eighteenth birthday, Ponce sued Maria in North

4

Carolina state court to terminate Maria's parental rights. He also sought an order under N.C. Gen. Stat. § 50A-204, which gives North Carolina courts temporary emergency jurisdiction to adjudicate the custody of abandoned children.

The same day, the state court issued an order pursuant to section 50A-204, finding that Maria had "abandoned and neglected [Reyes]" and that "[i]f forced to return to El Salvador, [Reyes] would be completely on her own and without the proper family support system" and granting emergency temporary custody to Ponce. J.A. 140. The state court set a hearing for five days later, October 8, 2014, when it would determine whether to enter a final custody order. Significantly, the hearing was scheduled for one day after Reyes' eighteenth birthday. As a result, the court would no longer have jurisdiction to hear the case because Reyes would then be an adult. *See* N.C. Gen. Stat. § 50A-102(2) (giving North Carolina courts the power to adjudicate the custody of a "child"—i.e., someone "who has not attained 18 years of age"). The October 8, 2014, hearing therefore did not occur.

Immediately after receiving a copy of the state court's order, Reyes applied to USCIS for SIJ status. The Director of the Agency's Charlotte field office issued a Notice of Intent to Deny Reyes' application. As part of the Notice of Intent to Deny, the Director indicated that the state court order was not sufficiently permanent—that is to say, the Director declined to grant SIJ status because the state court had issued only a temporary emergency order.

After receiving the Director's Notice of Intent to Deny, Reyes submitted additional evidence to the Director—a personal affidavit, as well as an affidavit executed

5

by Ponce—that described her living conditions in El Salvador. The Director denied Reyes' SIJ application, again indicating that the state court's order was insufficiently permanent to warrant relief. In addition, the Director concluded that Reyes had "fail[ed] to show" she was entitled to the Agency's consent, a requirement under 8 U.S.C. § 1101(a)(27)(J)(iii). J.A. 88. Reyes appealed that denial to the Agency's Administrative Appeals Office ("AAO"), which dismissed the appeal, leaving in place the Director's decision.

In July 2015, Reyes returned to the state court where she sought and was granted a *nunc pro tunc* order retroactive to the October 3, 2014, temporary emergency custody order. The *nunc pro tunc* order stated:

> This Court determines that: (1) it has jurisdiction over [Reyes] and that she is dependent upon this Court; (2) [r]eunification with [Maria] is not viable due to neglect and abandonment under state law; (3) it is not in [Reyes'] best interest to return to El Salvador; and (4) it is [in Reyes'] best interest for temporary and permanent custody to be awarded to [Ponce].

J.A. 37. The state court explained that it failed to include these findings in the first order "[d]ue to an unintentional omission." J.A. 37.

Relying on the state court's *nunc pro tunc* order, Reyes returned to the AAO, where she petitioned to have her case reopened and reconsidered. The AAO declined to grant Reyes either form of relief. In so doing, it explained that Reyes was not entitled to the Agency's consent:

> When adjudicating an SIJ [application], USCIS examines the juvenile court order to determine if it contains the requisite findings of dependency or custody, non-viability of reunification with one or both parents, and the best interests determination, as required by [8 U.S.C. § 1101(a)(27)(J)]. USCIS requires the factual basis for a juvenile court order so it may fulfill

6

its required consent function. Juvenile court orders that include or are supplemented by specific findings of fact will generally be sufficient to establish eligibility for consent. . . .

> In the [first] order, the juvenile court found generally that [Maria] abandoned and neglected [Reyes] in 2008 by stopping to provide safety, shelter, and food for her. However, the record is not supported by facts that the juvenile court relied upon to come to its conclusions. The declaration in the *nunc pro tunc* order that [Reyes'] reunification with [Maria] is not viable due to neglect and abandonment under North Carolina law also lacks a sufficient factual basis.

J.A. 29–30 (footnote & internal quotation marks omitted). In so concluding, the AAO declined to rely on facts provided by Reyes in the affidavits she submitted to the Agency, but not the state court:

> As noted by the Director, statements regarding [Reyes'] circumstances while living in El Salvador submitted by [Reyes] and her father in response to a notice of intent to deny (NOID) issued by the Director are dated after the date of the [first] order and [Reyes] does not assert that [those statements] were considered by the juvenile court prior to issuance of either the [first] order, or at the time of the *nunc pro tunc* order.

J.A. 30.

### C.

In October 2016, Reyes filed a complaint against Leon Rodriguez, the then-Acting Director of USCIS, in the United States District Court for the Western District of North Carolina. She alleged that the Agency's demand for a permanent—as opposed to a temporary—custody order was *ultra vires*. In addition, Reyes alleged that the Agency acted in an arbitrary and capricious manner, and in a manner contrary to law, when it denied her motion to reopen her SIJ application or to reconsider its denial of her application.

The parties cross-moved for summary judgment. The district court granted the Agency's motion and denied Reyes' motion. *See Reyes v. McCament*, No. 3:16-CV-00749, 2017 WL 3634068 (W.D.N.C. Aug. 23, 2017). As relevant here, the court concluded that the Agency had acted neither arbitrarily and capriciously, nor in a manner contrary to law, when it declined to grant consent to Reyes' SIJ status. The district court noted that juvenile court "[o]rders lacking specific factual findings generally are not sufficient to provide a basis for consent." *Id.* at *8 (internal quotation marks omitted). Looking at the record, it then concluded that the state court never made any "*specific factual findings regarding* the basis for finding abuse, neglect, or abandonment." *Id.*

The district court also concluded that the Agency did not act in an arbitrary and capricious manner, or a manner contrary to law, when it declined to review the affidavits that Reyes had submitted. The district court indicated that although these affidavits might have satisfied the Agency's specific facts requirement in a different case, they did not do so here because Reyes had failed to show that the affidavits were part of the state court's record.

The district court entered judgment in the Agency's favor. Reyes noted a timely appeal, and we have jurisdiction under 28 U.S.C. § 1291.

## II.

Summary judgment is appropriate if the movant—here, the Agency—"shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court reviews issues raised in a motion for

8

summary judgment *de novo*, applying "the same legal standards as the district court." *Lawson v. Union Cty. Clerk of Ct.*, 828 F.3d 239, 247 (4th Cir. 2016) (internal quotation marks omitted).

Here, the district court reviewed the order of the AAO declining a motion to reopen and reconsider its decision denying Reyes SIJ status. Motions to reopen are reviewed for abuse of discretion. *See Lin v. Holder*, 771 F.3d 177, 182 (4th Cir. 2014). Motions to reconsider are reviewed under the same standard. *See Massis v. Mukasey*, 549 F.3d 631, 637 (4th Cir. 2008). An agency abuses its discretion if it acts in an arbitrary and capricious way, or if it acts in a manner contrary to law. *See Ojo v. Lynch*, 813 F.3d 533, 538 (4th Cir. 2016).

## III.

On appeal, Reyes again contends that the Agency abused its discretion when it denied her motions to reopen and reconsider. In particular, she maintains that the Agency's demand for a permanent custody order was *ultra vires* and that, even if it was not, the application of that requirement here was arbitrary and capricious and contrary to law. However, even if we assume, without deciding, that Reyes' permanency argument has merit, the Agency did not abuse its discretion when it refused to exercise its consent function under 8 U.S.C. § 1101(a)(27)(J)(iii). Because the Agency did not act in an arbitrary and capricious way or contrary to law when it determined the record did not support the exercise of its statutory consent function, it is unnecessary to address Reyes' *ultra vires* argument.

9

Reyes posits that USCIS abused its discretion when it refused to consider the affidavits she submitted for the first time to the Director. She represents that the affidavits executed by herself and Ponce were sufficient evidence to merit the Agency's consent. To support her contention, Reyes relies on a single sentence in the Agency's policy manual stating that "to exercise the statutorily mandated . . . consent function, USCIS requires that the juvenile court order *or other supporting evidence* contain or provide a reasonable factual basis for each of the findings necessary for classification as a[n] SIJ." J.A. 206 (emphasis added). She maintains that the "other supporting evidence" language gives her license to supplement her SIJ application with material not presented to or considered by the state court. We disagree.

When read in context, the "other supporting evidence" language relates to the Agency's obligation to examine the state juvenile court orders as well as the record presented to that court when it made the underlying custody determination. The Agency's manual explicitly states that the Agency "relies on the expertise of the juvenile court in making child welfare decisions and *does not reweigh the evidence to determine if the child was subjected to abuse, neglect, abandonment, or a similar basis under state law.*" J.A. 206 (emphasis added). In performing this role, the Agency's sole duty is to "*confirm that the juvenile court made an informed decision.*" J.A. 206 (emphasis added). Evidence not presented to the juvenile court, like Reyes' affidavits, is not germane to that task. Without the proper supporting evidence before the state court, the Agency can have no confidence or assurance that the state court's order was based on an accurate and

sufficient factual basis to support the Agency's separate immigration status determination. Instead, to accept Reyes' affidavits as sufficient would improperly invite the Agency to supersede and reinvent the state court's decisionmaking. Thus, evidence not presented to the state court is not "other supporting evidence" in this case.

We therefore conclude, as did the district court, that the Agency did not act arbitrarily and capriciously, nor contrary to law, when it did not consider the affidavits Reyes submitted to the Director in support of her SIJ application.

B.

Having determined the Agency did not abuse its discretion when it declined to consider the affidavits, we readily conclude that the Agency did not abuse its discretion when it withheld its consent to Reyes' application for SIJ status.

The Agency's policy manual sheds light on how USCIS exercises its consent function as it "must review the juvenile court order to conclude that the request for SIJ classification is bona fide, which means that the juvenile court order was sought to obtain relief from abuse, neglect, abandonment, or a similar basis under state law, and not primarily or solely to obtain an immigration benefit." J.A. 206. Though the Agency generally "relies on the expertise of the juvenile court" to make its consent determination, it "requires that the juvenile court order or other supporting evidence contain or provide a reasonable factual basis for each of the findings necessary for classification as a[n] SIJ." J.A. 206. Such evidence "does not have to be overly detailed, but must confirm that the juvenile court made an informed decision in order to be considered reasonable." J.A. 206 (internal quotation marks omitted).

11

Reyes has failed to show that the Agency acted in an arbitrary or capricious manner, or in a manner contrary to law, when it applied this procedure to her application. Under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), we must give "respect" to the Agency's interpretation and application of its policy manual insofar as its "form and content" have the "power to persuade." *Shipbuilders Council of Am. v. U.S. Coast Guard*, 578 F.3d 234, 241 (4th Cir. 2009). The AAO's order explained that Reyes' SIJ application failed to meet the guidelines for the Agency's consent, as outlined in the Agency's policy manual:

> In the [first] order, the juvenile court found generally that [Maria] abandoned and neglected [Reyes] in 2008 by stopping to provide safety, shelter, and food for her. However, the record is not supported by facts that the juvenile court relied upon to come to its conclusions. The declaration in the *nunc pro tunc* order that [Reyes'] reunification with [Maria] is not viable due to neglect and abandonment under North Carolina law also lacks a sufficient factual basis.

J.A. 30 (internal quotation marks omitted). We find the Agency's application of its policy manual persuasive on these circumstances. When presented with the state court orders, the Agency was unable to verify what facts that court relied on to support its conclusion that Maria abandoned Reyes. Under the terms of the Agency's policy manual, the state court's under-developed record was not sufficient to merit the Agency's consent. In that circumstance, the Agency's decision is persuasive and, thus, was neither arbitrary and capricious, nor contrary to law.

## IV.

As the district court held, the Agency did not abuse its discretion by refusing to reopen or reconsider Reyes' SIJ petition because Reyes could not show that she was entitled to the Agency's consent. Accordingly, the judgment of the district court is

*AFFIRMED*.