**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1885**

FABIANO MATEUS-DE OLVEIRA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: May 24, 2019                                Decided: August 30, 2019

Before NIEMEYER, MOTZ, and HARRIS, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Todd C. Pomerleau, RUBIN POMERLEAU PC, Boston, Massachusetts, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Shelley R. Goad, Assistant Director, Jennifer A. Singer, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fabiano Mateus-De Olveira, a native and citizen of Brazil, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ's) denial of his motion to reopen. We dismiss the petition for lack of jurisdiction.

On appeal, Mateus-De Olveira abandons his claim that he did not receive proper notice of his removal hearing. *See Suarez-Valenzuela v. Holder,* 714 F.3d 241, 248-49 (4th Cir. 2013) (holding that arguments not raised in the opening brief are waived).[*] Instead, he argues for the first time that his removal proceedings were void *ab initio* because the certificate of service on his notice to appear did not comply with 8 C.F.R. § 1003.14(a) (2018) and claims that the notice misrepresented the consequences for failing to appear at his removal hearing. We lack jurisdiction to consider these claims on the ground that Mateus-De Olveira failed to exhaust his administrative remedies before the Board. *See* 8 U.S.C. § 1252(d)(1) (2012); *Massis v. Mukasey,* 549 F.3d 631, 638-40 (4th Cir. 2008). Even if Mateus-De Olveira had exhausted his remedies, his claims would fail on the merits because 8 C.F.R. § 1003.14(a) establishes a docketing rule rather than a jurisdictional requirement, *see United States v. Cortez*, 930 F.3d 350, 358–62 (4th Cir. 2019), and the notice accurately represented the consequences for failing to appear.

[*] Although Mateus-De Olveira argues that the IJ erred in finding his motion to reopen untimely, "[w]here, as here, the [Board] did not adopt the IJ's opinion but offered its own reasons for denying relief, we review the [Board's] order rather than the IJ's ruling." *Ngarurih v. Ashcroft*, 371 F.3d 182, 188 (4th Cir. 2004). Because the Board denied the motion to reopen on its merits, we need not consider whether it was timely.

2

Mateus-De Olveira devotes the remainder of his brief to challenging the agency's refusal to exercise its sua sponte authority to reopen his proceedings. We generally lack jurisdiction to review how the agency exercises its sua sponte discretion. *See Lawrence v. Lynch,* 826 F.3d 198, 206 (4th Cir. 2016); *Mosere v. Mukasey,* 552 F.3d 397, 400-01 (4th Cir. 2009). Even assuming we may review the Board's exercise of sua sponte discretion when it is based on a faulty legal premise, *see Lawrence*, 826 F.3d at 207 n.5, or violates the Board's "general policy" restricting its own discretion, *see Chehazeh v. Att'y Gen.*, 666 F.3d 118, 129 (3d Cir. 2012), Mateus-De Olveira has failed to establish that either potential exception would apply here.

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*