**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1701**

ALLAUDDIN AHMAD RANA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 31, 2020                   Decided: February 27, 2020

Before GREGORY, Chief Judge, and MOTZ and KEENAN, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Marc Seguinót, SEGUINÓT & ASSOCIATES, PC, Fairfax, Virginia, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Brianne Whelan Cohen, Senior Litigation Counsel, Laura M.L. Maroldy, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allauddin Ahmad Rana, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals dismissing Rana's appeal from the Immigration Judge's denial of his application for withholding of removal.[1] We deny the petition for review in part and dismiss it in part.

We have reviewed the arguments that Rana presses on appeal in light of the administrative record, including the transcript of Rana's merits hearing and the supporting evidence, and the relevant legal authorities. Despite Rana's arguments to the contrary, we conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B) (2018)—including the adverse credibility finding[2]—and that substantial evidence supports the denial of relief in this case, *see Gomis v. Holder*, 571 F.3d 353, 359 (4th Cir. 2009). Specifically, upon review, the Board confirmed the testimonial inconsistencies, admitted false testimony, and demeanor concerns identified by the Immigration Judge and ruled that, based on the totality of the circumstances, there was no clear error in the Immigration Judge's adverse credibility ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (2018). Substantial evidence amply

---

[1] Rana challenges neither the agency's denial of his application for protection under the Convention Against Torture (CAT) nor the Immigration Judge's finding that his asylum application was time-barred. Accordingly, these issues are waived. *See* Fed. R. App. P. 28(a)(8)(A); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (explaining that petitioner's failure to address the denial of CAT relief waived the issue).

[2] We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's credibility findings. *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004).

supports this determination. *See Ilunga*, 777 F.3d at 207 (explaining that "omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination" (internal quotation marks omitted)).

Accordingly, we deny the petition for review in part for the reasons stated by the Board. *In re Rana* (B.I.A. June 18, 2019). We dismiss the petition as to Rana's claim that the Immigration Judge conducted his hearing in a manner that violated Rana's right to due process on the ground that Rana failed to exhaust his administrative remedies before the Board. *See* 8 U.S.C. § 1252(d)(1) (2018); *Massis v. Mukasey*, 549 F.3d 631, 638 (4th Cir. 2008). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART*,
*DISMISSED IN PART*