**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1054

XING GUO CHEN,

              Petitioner,

        v.

LORETTA E. LYNCH, Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  September 22, 2016        Decided:  October 6, 2016

Before KING and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Keith S. Barnett, New York, New York, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Derek C. Julius, Senior Litigation Counsel, John M. McAdams, Jr., Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xing Guo Chen, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's denial of his requests for asylum and withholding of removal.*

Chen first challenges the agency's determination that his asylum application is time-barred and that no exceptions applied to excuse the untimeliness. See 8 U.S.C. § 1158(a)(2)(B) (2012); 8 C.F.R. § 1208.4(a)(2) (2016). We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2012), and find that Chen has not raised any claims that would fall under the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2012). See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Accordingly, we dismiss the petition for review with respect to the asylum claim.

With respect to Chen's request for withholding of removal, we have thoroughly reviewed the record and conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, see 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision, INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Accordingly, we

---

* Chen does not challenge the denial of relief under the Convention Against Torture.

2

deny the petition for review in part for the reasons stated by the Board.  See In re Chen (B.I.A. Mar. 23, 2015).  Finally, we lack jurisdiction to consider Chen's challenge to the agency's finding that he knowingly filed a frivolous asylum application because he did not exhaust this claim before the Board.  Massis v. Mukasey, 549 F.3d 631, 638-40 (4th Cir. 2008).

We therefore dismiss in part and deny in part the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED IN PART<br>AND DENIED IN PART