**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-2072**

_____

XING GUO CHEN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: January 5, 2023                                   Decided:  February 22, 2023

_____

Before KING, AGEE, and HEYTENS, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:** Thomas V. Massucci, LAW OFFICE OF THOMAS V. MASSUCCI, New York, New York, for Petitioner. Brian Boynton, Principal Deputy Assistant Attorney General, Papu Sandhu, Assistant Director, Song Park, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner Xing Guo Chen challenges an order of the Board of Immigration Appeals denying his motion to reopen his removal proceedings. We conclude the Board did not abuse its discretion in deeming the motion untimely, and thus deny Chen's petition.

In September 2012, an immigration judge denied Chen's request for asylum, withholding of removal, and protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, finding Chen was "not credible" and "knowingly made a frivolous application for asylum." AR 400, 404. Chen appealed the adverse credibility finding to the Board, which affirmed the immigration judge's decision and dismissed the appeal. Chen sought review from this Court, contending— among other things—that the immigration judge erred in determining he filed a frivolous asylum application. This Court dismissed Chen's petition for review in part and denied it in part, concluding the Court "lack[ed] jurisdiction to consider Chen's challenge to the agency's finding that he knowingly filed a frivolous asylum application because he did not exhaust this claim before the Board." *Chen v. Lynch*, 669 Fed. Appx. 158, 158 (4th Cir. 2016).

In January 2020—more than three years after this Court's decision (and nearly five years after the Board's)—Chen asked the Board to reopen his case "for the sole purpose of vacating the portion of" the immigration judge's decision finding that he knowingly filed a frivolous asylum application. AR 74. As relevant here, Chen argued his previous attorneys provided ineffective assistance of counsel by not preventing the frivolousness

2

finding in the first place and by failing to contest that finding during his initial appeal to the Board.

The Board ultimately denied Chen's motion to reopen on two grounds. First, although the Board determined Chen's initial counsel rendered ineffective assistance, the same could not be said of Chen's second attorney whom Chen retained after the immigration judge's initial adverse ruling. The Board concluded Chen's second attorney's "decision not to directly challenge the frivolousness finding was a reasonable tactical decision based on the record at the time," which did not prejudice Chen. AR 6.

Second—and "alternatively"—the Board denied Chen's motion to reopen as untimely. AR 6. The Board noted Chen filed his motion "well beyond the [usual] 90-day deadline" for such motions, and it concluded Chen showed no "extraordinary circumstances beyond [his] control" that warranted equitable tolling. AR 7. Chen claimed he did not learn of the frivolousness finding and the consequences associated with it until September 2019. As the Board explained, however, the record showed that: (1) the immigration judge orally advised Chen of those consequences in June 2012; (2) the consequences were listed on a form Chen "signed on three separate occasions"; and (3) the immigration judge "personally served [Chen] with a copy of his written decision containing the frivolousness finding" at a September 2012 hearing. *Id*. The Board acknowledged Chen's assertion "that he cannot read, write or understand English." *Id*. Even so, the Board noted "there is no requirement that [ ] an alien in immigration proceedings be provided with documents in his native language." *Id.* (quotation marks omitted). The Board further emphasized Chen's failure to "state whether he ever sought legal advice between

3

September 2016 and September 2019 . . . to address his immigration situation" or tried "to have the Immigration Judge's, the Board's, or the Fourth Circuit's decisions translated or read to him in his native language." AR 8.

Even if the Board erred in resolving Chen's ineffective assistance arguments, we see no basis for reversing the Board's alternative untimeliness holding. The standard for equitable tolling is "rigorous," and we review the Board's application only for an abuse of discretion. *Kuusk v. Holder*, 732 F.3d 302, 305 (4th Cir. 2013). Chen does not assert that "wrongful conduct by the opposing party prevented [him] from timely asserting [his] claim," so the only possible basis for equitable tolling is that "extraordinary circumstances beyond [his] control made it impossible for [him] to comply with the statutory time limit." *Id.* at 304. Having scrutinized the record, we perceive no abuse of discretion in the Board's conclusion that Chen failed to clear the high bar for equitable tolling. The petition for review is therefore

*DENIED.*
